IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYWAAN JOHNSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 16-1164-LPS |
| | : | |
| DANA METZGER, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

---

Tywaan Johnson. *Pro Se* Petitioner.

Carolyn S. Hake, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

May 27, 2020
Wilmington, Delaware



**STARK, U.S. District Judge:**

## I.     INTRODUCTION

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Exhibit to Petition (hereinafter referred to as "Petition") filed by Petitioner Tywaan Johnson ("Petitioner").  (D.I. 2)  The State has filed an Answer in Opposition.  (D.I. 14)  For the reasons discussed, the Court will dismiss the Petition as time-barred under the limitations period prescribed in 28 U.S.C. § 2244.

## II.    BACKGROUND

On September 21, 2011, a Delaware Superior Court jury found Petitioner guilty of first degree murder, two counts of possession of a firearm during the commission of a felony ("PFDCF"), first degree robbery, and second degree conspiracy.  *See Johnson v. State*, 53 A.3d 302 (Table), 2012 WL 3893524, at *1 (Del. Sept. 7, 2012); D.I. 14 at 1.  In accordance with the parties' stipulation, the Superior Court also found Petitioner guilty of possession of a firearm by a person prohibited ("PFBPP").  (D.I. 14 at 1)  The Superior Court sentenced Petitioner as a habitual offender on March 21, 2012 to life in prison for the first degree murder and first degree robbery convictions, to ten years at Level V for each of the PFDCF convictions, and to two years at Level V suspended for one year of probation for the conspiracy conviction.  (D.I. 14 at 2)  Petitioner appealed, and the Delaware Supreme Court affirmed his convictions on September 7, 2012.  *See Johnson*, 2012 WL 3893524, at *2.

On September 12, 2013, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  (D.I. 14 at 2)  On March 3, 2015, the Superior Court summarily dismissed the Rule 61 motion in part and denied it in part.  *See State v. Johnson,* 2015 WL 1059198, at *5 (Del. Super. Ct. Mar. 3, 2015).  Petitioner appealed, and the

Delaware Supreme Court affirmed that judgment on December 10, 2015. *See Johnson v. State*, 129 A.3d 882 (Table), 2015 WL 8528889, at *4 (Del. Dec. 10, 2015).

Petitioner filed the instant § 2254 Petition in December 2016, asserting seven claims of ineffective assistance of counsel, two claims of prosecutorial misconduct, one claim that his due process rights were violated, and two claims alleging evidentiary errors. (D.I. 2)

### III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2016, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).

2

Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek *certiorari* review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Since Petitioner did not file a petition for writ of *certiorari*, his judgment of conviction became final on December 7, 2012, ninety days after the Delaware Supreme Court affirmed Petitioner's conviction. Applying the one-year limitations period to that date, Petitioner had until December 7, 2013 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the triggering event).

Petitioner filed the instant Petition on December 7, 2016,[1] three years after the expiration of the limitations period. Thus, his Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of

---

[1]Petitioner dated his signature on the Petition for December 7, 2016, and the electronic stamp on the Petition is dated December 9, 2016. Since the two-day difference between the two dates does not affect the timeliness of the instant Petition, the Court adopts December 7, 2016 as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

3

AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of *certiorari* in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). In addition, a post-conviction motion that is untimely under state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Here, 278 days of AEDPA's limitations period lapsed before Petitioner filed his Rule 61 motion on September 12, 2013. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on December 10, 2015. Consequently, Petitioner's Rule 61 motion tolled the limitations period from September 12, 2013 through December 10, 2015.

The limitations clock started to run again on December 11, 2015, and ran the remaining 87 days without interruption until the limitations period expired on March 7, 2016. Thus, even with the applicable statutory tolling, the Petition is time-barred, unless equitable tolling is applicable.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 560 U.S. at 645. A petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[2] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

---

[2]*Holland*, 560 U.S. at 648.

>(1) where the defendant (or the court) actively misled the plaintiff;
>
>(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
>(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Petitioner contends that the limitations period should be equitably tolled because his post-conviction counsel erroneously informed him that he had until December 10, 2016 to file a timely federal habeas petition, apparently due to post-conviction counsel's incorrect belief that a federal habeas petition "must be filed within one year of the denial of the Rule 61 petition."[3] (D.I. 27 at 6) Petitioner's argument is unavailing. Although the Supreme Court held in *Martinez v. Ryan,* 132 S.Ct. 1309 (2012), that a petitioner should be permitted to raise a procedurally defaulted claim of ineffective assistance of trial counsel where the default was caused by the ineffective assistance of post-conviction counsel, the *Martinez* decision does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period and cannot excuse a failure to file within the limitations period.

Petitioner also asserts that his trial and appellate counsel incorrectly informed him that AEDPA's one-year period began anew after each appeal. (D.I. 27 at 1-3) Petitioner does not provide any support for this assertion and, in any event, "[a]ttorney miscalculation" of a deadline "is simply not sufficient to warrant equitable tolling." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *see also Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (holding that attorney's mistake in determining date habeas petition is due does not constitute extraordinary circumstances for

---

[3] As previously explained, AEDPA's one-year statute of limitations begins to run from the date on which the petitioner's judgment of conviction became final, not from the date on which the petitioner's post-conviction proceeding was decided. *See supra* at p. 3.

5

purposes of equitable tolling). Additionally, to the extent Petitioner's untimely filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Based on the foregoing, the Court concludes that that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will dismiss the instant Petition as time-barred.

## IV.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.